IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EFRAIN CORNEJO,

    Petitioner,                   No. CIV S-10-0654 GGH P

    vs.

JEANNE WOODFORD, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). However, the court need not provide petitioner with the opportunity to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee because it appears that petitioner has failed to exhaust his state court remedies.

         Petitioner challenges a Sacramento County Superior Court conviction/sentencing for kidnapping for the purpose of robbery with the use of a firearm, but does not identify when the judgment or sentencing took place. Petition, p. 1. Within his application, petitioner makes two separate claims of ineffective assistance of counsel: 1) that his trial counsel failed to object to petitioner's being sentenced beyond the statutory maximum; and 2) that trial counsel failed to properly investigate the case and to interview material witnesses. Id. at 4. Other than stating these grounds, petitioner provides no supporting facts or argument. Petitioner appears to indicate

1

that following his jury trial there was no direct appeal or any state court habeas application. Petition, p. 3.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

On the face of it, after reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

Petitioner has brought a motion to be "granted leave to exhaust state remedies." Petitioner is informed that he does not need permission from this court to exhaust state remedies. To the extent that petitioner is also seeking a stay of this action while he does exhaust state remedies, that request must be denied.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. at 1535. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Unlike the petitioner in Rhines, the petitioner here has presented a completely unexhausted petition, rather than a mixed petition. Thus, the petition before this court cannot constitute a "protective" petition as discussed in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278.) As discussed in Pace, the protective stays referred to in Rhines involved a "mixed" petition, meaning that the petition included both exhausted and unexhausted claims. The filing of the federal petition protects the petitioner's ability to, ultimately, timely seek relief on the exhausted claims and the claims yet to be exhausted in the state system. The Court in Pace discussed the merits of granting a stay to allow petitioner to return to state court to exhaust those claims that remained unexhausted rather than denying without prejudice a petition that included exhausted claims. Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440; Pace v. DiGuglielmo, 544 U.S. at 416. The basis of that Court's ruling was premised on the fact that the petition was "mixed," not completely unexhausted. See also Rasperry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (dismissal of a completely unexhausted petition is mandatory).

Here, the court is not presented with a "mixed" petition. Petitioner has not exhausted any claims in the petition. Accordingly, the stay and abeyance procedure is unavailable and the petition should be dismissed without prejudice.[2] Again, these Findings deal with a requirement to dismiss completely unexhausted petitions, and an implicit request to stay

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

the federal action pending exhaustion; nothing herein is meant to deter petitioner from exhausting state remedies as soon as he can and then filing a federal petition.

IT IS ORDERED that:

1. Petitioner will not be required to submit a request for leave to proceed in forma pauperis or to pay the filing fee in this instance; and

2. The Clerk of the Court is directed to assign a district judge to this matter.

IT IS RECOMMENDED that:

1. Petitioner's motion to stay the proceedings, filed on March 19, 2010 (Docket # 2), be denied and,

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
corn0654.dis